**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| VALERIE J. THOMAS, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-1337 (JR) |
| THE NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, | : | |
| Defendant. | : | |

**MEMORANDUM**

Valerie Thomas sued the National Football League Players Association in August 2004, alleging retaliation and discrimination based on her age and sex in violation of Title VII of the Civil Rights Act of 1964. Her complaint [1] alleged that in 2000 she was "subjected to a change in her original salary increase structure from a percentage increase, to a flat increase and . . . with a flat four percent (4%) annual increase, was the sole employee to be paid an increase less than five percent plus $250 anniversary bonus," [id. ¶ 10]; that she was terminated on April 23, 2003 after taking bereavement leave on the death of her mother "less than three months shy of her twentieth anniversary" with NFLPA [id. ¶ 14]; and that these things were done to her because of her gender and age (48) and because she had previously engaged in litigation with NFLPA.[1]

---

[1] See Thomas v. NFLPA, No. 91-3332 (D.D.C.); NFLPA v. OPEIU, Local 2, No. 97-1517 (D.D.C.).

NFLPA moved to dismiss [3].  The motion was denied, but with the notation that "a simple motion for summary judgment will call [plaintiff] out from behind Swierkiewicz v. Sorema, 534 U.S. 506 (2002), and require her to adduce facts that would support her claim." [10]

NFLPA moved for summary judgment [12], with an extensive statement of material facts not in dispute and with numerous attachments, asserting among other things that plaintiff was terminated because of her many unexplained and unexcused absences from work.  The first response of plaintiff's attorney was a motion to withdraw [13].  Then he moved for leave to file an amended complaint [14] and to stay the Court's consideration of the motion for summary judgment [15].  A few weeks later, he moved pursuant to F.R.Civ.P. 56(f) for a continuance "so that plaintiff may take depositions and obtain telephone records and other documentation to prove that the defendant's articulated non-discriminatory reasons for its actions against the plaintiff are untrue, and to support plaintiff's contention that she did in fact contact the defendant in regards to her absences from work." [20]  NFLPA opposed that motion [21], pointing out that plaintiff had made no attempt to show that discovery might adduce facts that would deal with the untimeliness and legal invalidity of her claim that NFLPA's equal salary increases were discriminatory, or with the fact that the level salary increases that were the

principal subject of her complaint had been negotiated as part of a collective bargaining agreement, or with the fact that plaintiff had made no claim of sex discrimination before the EEOC, or with the fact that the protected activity that allegedly was the trigger for the retaliation plaintiff alleged had occurred years before her discharge.

Plaintiff then moved for leave to file a second amended complaint [30].  This motion sought to add a claim of age discrimination "according to the Age Discrimination Act [sic]," but the amended complaint attached to the motion made no mention of the Age Discrimination Employment Act of 1967 (ADEA).  What it did do was abandon plaintiff's claim that the flat salary increases were discriminatory, abandon her claim of sex discrimination, and focus only on plaintiff's claims that her termination "prior to her twentieth anniversary adversely affected [her] retirement benefits" [30-2, ¶ 26] and that her termination was retaliatory.  The motion for leave to amend adds nothing to the litigation.  It is best understood as an effort to run NFLPA's summary judgment motion to the sidelines and will be denied.

In her motions to stay and for a continuance, plaintiff has not shown what facts she intends to discover that would identify a triable issue of fact or why she cannot produce them in opposition to the motion, see Byrd v. U.S., EPA, 174 F.3d 239,

248 & n.8 (D.C. Cir. 1999), nor has she demonstrated how additional time would enable her to rebut NFLPA's assertion that there are no genuine issues of material fact, King v. U.S. Dept. of Justice, 830 F.2d 210, 232 n.157 (D.C. Cir. 1997).  She suggests that discovery of NFLPA's telephone records would enable her to refute NFLPA's assertion that she did not ask for leave during the months prior to her termination, but, as NFLPA sensibly points out, telephone records reflect outgoing calls, not incoming ones.  Moreover, unless plaintiff can establish a *prima facie* case of discrimination or retaliation, it is immaterial whether or not NFLPA had a legitimate nondiscriminatory reason to terminate plaintiff's employment.

Plaintiff has not established a *prima facie* case of either discrimination or retaliation.  Her salary claim fails as a matter of law, her gender claim (if it has not been abandoned) must be dismissed because it was not presented first to the EEOC, and her retaliation claim fails for want of a *prima facie* showing of a causal nexus with her protected activity.

1.  Salary and retirement benefits.  It is undisputed that plaintiff's salary increases of $2700, $2500 and $2400, respectively, on June 1, 2000, June 1, 2001 and June 1, 2002 were the same as the increases received by all other members of Office and Professional Employees International Local 2 bargaining unit, and that uniform salary increases for all employees were proposed

by Local 2 and agreed to by NFLPA [12-1, p. 21].  Plaintiff's assertion that the flat salary increases were unlawful because they removed the benefit of her seniority or adversely affected her retirement benefits does not state a claim of age discrimination, nor does the assertion that her termination came just before her twentieth anniversary with NFLPA.[2]  Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993).  See Beeck v. Federal Express Corp., 81 F. Supp.2d 48 (D.D.C. 2000); Lincoln v. Billington, 1998 W.L. 51716 (D.D.C.).

      2.  Gender discrimination.  Plaintiff made no gender-based claim when she filed her EEOC charge, and her charge was unambiguous: "I believe I have been discriminated against because of my age (47) in violation of the Age Discrimination and Employment Act and have been retaliated against because of a previous Title VII reward [sic]."  The gender-based claim is not closely related to the age claim or the retaliation claim, nor, indeed, has plaintiff made any effort to substantiate a gender discrimination claim in any of the many papers she has filed since the motion for summary judgment.  She may not pursue the claim here.  Park v. Howard University, 71 F.3d 904, 907-08 (D.C. Cir. 1995).

---

[2]  The record does not reveal the significance of a twentieth anniversary.  Perhaps plaintiff would have been eligible for retirement then?

>     3.  <u>Retaliation</u>.  Plaintiff sued NFLPA for discrimination in 1991.  She prevailed and was reinstated in 1999.  The termination of which she complains here came four years later, in April 2003.  My previous ruling that the four years between her reinstatement and her discharge was "too long to raise a *prima facie* inference" of retaliation [10] is law of the case.  In her Rule 56(f) declaration [20-2, at 1], plaintiff asserts that there is more recent evidence of a nexus between her prior protected activity and her termination.  She states: "On or about February 3, 2003, one official specifically mentioned my litigation at a general union meeting.  At a subsequent union contract negotiations meeting on March 4, 2003, two other union officials notified the employees that management officials named and singled me out as a 'problem' that would negatively impact on future economic considerations for all employees."  That statement, is is plaintiff's <u>ipse dixit</u>, uncorroborated, and self-serving.  It does not identify the "official" who allegedly "mentioned" plaintiff's litigation, nor does it purport to be based on the declarant's personal knowledge.  If considered an "opposing affidavit" under F.R.Civ.P. 56(c), it does nothing to enhance plaintiff's prima facie showing of retaliation.  Nor does the statement lend any support to plaintiff's Rule 56(f) motion.  A proper Rule 56(f) declaration would have asserted the declarant's personal knowledge (or at least information and

belief) and would have recited the reasons why the plaintiff could not adduce admissible evidence of the alleged statements without formal discovery -- the refusal of union members to provide affidavits without the compulsion of a subpoena, for example.

    An appropriate order accompanies this memorandum.


                                          JAMES ROBERTSON
                            United States District Judge